IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS C. ROUSTON, | CASE NO. 1: 08 cv 0222 LJO GSA |
| Plaintiff, | **ORDER TO DISMISS COMPLAINT** |
| vs. | |
| MERCANTILE ADJUSTMENT BUREAU, | |
| Defendant. | |

## A.   INTRODUCTION

Plaintiff Dennis C. Rouston ("Plaintiff") is pro se and he has filed an application to proceed in forma pauperis. Plaintiff filed a complaint on February 13, 2008, against Mercantile Adjustment Bureau ("Defendant") in an effort resolve a conflict related to Plaintiff's 1995 Jeep Cherokee ("Jeep"). Specifically, the complaint alleges that Plaintiff purchased the Jeep in December 2001 through Transouth Finance ("Transouth").   Plaintiff became disabled and was no longer able to make the regularly scheduled payments due to his disability.  Plaintiff attempted to have Transouth repossess the vehicle, but Transouth did not do so.

Plaintiff alleges that Transouth sold Plaintiff's account to Defendant.  Plaintiff most recently attempted to set up a repayment plan with Defendant in May 2007, but the parties were unable to successfully resolve the issue.  Plaintiff alleges that he had agreed to make payments to Defendants totaling $2,500.00 for the fair market value of the Jeep.  However, there were disagreements regarding when payments were to be made.  Plaintiff alleges that ultimately Defendant informed Plaintiff that if

1  he wanted title of the vehicle, Plaintiff would have to pay a lump sum of $6,296.01 which is the amount
2  Plaintiff still owed on the Jeep. Plaintiff is requesting that Defendant accept reasonable payments for
3  the fair market value of the vehicle or repossess the Jeep.

4  **B.      DISCUSSION**

5      *1.      Standards For Screening*

6      Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for
7  sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court
8  determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may
9  be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §
10 1915(e)(2); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure
11 Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. "A trial court may dismiss a claim
12 sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the
13 claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987);
14 see *Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before
15 process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28
16 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984)
17 (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on
18 defendants).

19     A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond
20 doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to
21 relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,
22 45-46 (1957)); see also *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.
23 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any
24 evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether
25 a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
26 claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development
27 Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

28     The face of the complaint reflects deficiencies to prevent plaintiff from offering evidence to

1 support claims raised in the complaint.

2     *2.    Lack of Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate which are essentially those involving diversity of citizenship, or a federal question, or to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Plaintiff has not alleged the deprivation of a federal constitutional or statutory right. Instead, Plaintiff indicates in the Civil Cover Sheet, that jurisdiction is established pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332 defines diversity jurisdiction. Although diversity jurisdiction may seem available under 28 U.S.C. § 1332, the complaint fails to allege facts to support subject matter jurisdiction over Defendant.

District Courts have original jurisdiction of all civil actions were the matter in controversy exceeds the sum or value of $75,000 <u>and</u> is between citizens of different states. 28 U.S.C. § 1332. It appears in documents attached to the complaint that Defendant's address is Rochester, New York. Accordingly, Defendant may be a citizen of New York. However, the amount in controversy in this case does not exceed $75,000. Plaintiff is seeking the fair market value of the Jeep which he alleges is

$2,500. Alternatively, Plaintiff asserts that the amount owed on the Jeep is $6,296.01. In either instance, the amount in controversy is well below the required amount for this court to have jurisdiction.

Since Plaintiff has not alleged a deprivation of a constitutional or statutory right, and diversity jurisdiction has not been established, the complaint fails to establish this court's subject matter jurisdiction. In the absence of subject matter jurisdiction, this court is unable to proceed on Plaintiff's claims. If a court determines that the complaint fails to state a claim, leave to amend the complaint may be granted to the extent that the deficiencies of the complaint can be cured by amendment. However, int this case, Plaintiff will not be given leave to amend since the value of the Jeep does not exceed $75,000.

**C.    CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that Plaintiffs' complaint filed on February 13, 2008, be DISMISSED without prejudice, for lack of subject matter jurisdiction. The clerk is directed to close this action.

IT IS SO ORDERED.

**Dated:   February 21, 2008**              **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE